UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUANA PEREZ,

                Plaintiff,

        -against-

NY POLICE; NEW YORK CITY PORT
AUTHORITY BUS TERMINAL,

                Defendants.

19-CV-8251 (LLS)

ORDER TO AMEND

LOUIS L. STANTON, United States District Judge:

Plaintiff, appearing *pro se*, brings this action asserting that Defendants violated her rights.

By order dated March 13, 2020, the Court granted Plaintiff's request to proceed without

prepayment of fees, that is, *in forma pauperis* (IFP). For the following reasons, the complaint is

dismissed with leave to replead within sixty days of the date of this order.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P.

12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff, using the Court's general complaint form, submits this complaint, which is largely illegible and incomprehensible. From the parts of the complaint that are legible, the Court understands the following information: Plaintiff provides addresses for herself in Puerto Rico and New Jersey and indicates that she is not a lawful permanent resident of the United States but states that she is a citizen of Miami. (*See* ECF No. 2, 2-3.) She sues the "NY Police," identifying them as citizens of both the "Manhattan Bus Terminal" and the Dominican Republic. (*Id.*) Plaintiff also sues the New York City Port Authority Bus Terminal, where the events giving rise to her claims occurred.

In Plaintiff's statement of claim, she alleges the following verbatim:

in is il spile of the problems that occurred police take to out the from bathroom takeout I wouldn't he not asked any them on put he yell to many time nsided the of bathroom. go along with, [illegible]

Following any place, any times over night stomach pain, I feeling very back about that because the office don't any reason to do that

the don't achivist [illegible] it's not legal was the police on other time. Touch my body for the to my out. Whereve I have the clothing I put on my clothes. he not asked I feel. Not feel sorry any body.

(*Id*. at 5-6.) Plaintiff does not indicate any injuries and does not state the relief she seeks.

## DISCUSSION

### I.    Section 1983

Plaintiff brings this complaint without providing the statutory basis for her claims. Because Plaintiff's claims appear to arise out of her interaction with the police, the Court liberally construes the complaint as asserting claims under 42 U.S.C. § 1983. To state a § 1983 claim, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

#### A.    Defendant "NY Police"

Plaintiff names the "NY Police" as a defendant in the caption of the complaint and indicates that this Defendant is in New York City. Thus, it appears that Plaintiff may be seeking to sue the New York City Police Department (NYPD). But to the extent Plaintiff sues the NYPD, her claims must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New*

*York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

It may be Plaintiff's intention to sue the City of New York. When a plaintiff sues a municipality under § 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 131 S. Ct. 1350, 1359 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a § 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Plaintiff's complaint does not contain any facts suggesting that a municipal policy, custom, or practice of the City of New York led to the violation of her federally protected rights.

**B.      Defendant New York City Port Authority Bus Terminal**

Plaintiff also names the Port Authority Bus Terminal as a defendant. Because the Port Authority Bus Terminal is not a "person," it does not have the capacity to be sued under § 1983. *Cf. Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989).

Plaintiff may also intend to sue the Port Authority of New York and New Jersey (the Port Authority),[1] the agency that owns and operates the bus terminal. "Although the Port Authority, a bi-state agency, is not technically a municipality, courts have treated it as such and have analyzed claims against it under the standards governing municipal liability under § 1983." *Cumberbatch v. Port Auth. of N.Y. & N.J.*, ECF 1:03-CV-0749, 55, 2006 WL 3543670, at *6 (S.D.N.Y. Dec. 5, 2006) (internal quotation marks and citation omitted); *see Raysor v. Port Auth. of N.Y. & N.J.*, 768 F.2d 34, 38 (2d Cir. 1985).

As with the City of New York, Plaintiff fails to allege any facts suggesting a municipal liability claim against the Port Authority.

## C. Plaintiff's Claims

The Court has closely scrutinized Plaintiff's complaint, but because the complaint is largely illegible and incoherent, the Court is unable to understand the nature of Plaintiff's claims. She does not provide a short and plain statement clearly stating the facts from which her claims arise. Plaintiff essentially asserts that Defendants unlawfully harmed her, but she fails to include any intelligible background information about how the alleged harm occurred. In order to state a claim for relief, a complaint must contain enough background facts to allow the Court to reasonably infer that the defendant is liable to the plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff's complaint contains no facts about what occurred or how Defendants allegedly violated her rights.

Because Plaintiff fails to state any claim on which relief may be granted, the Court dismisses the complaint. *See* 28 U.SC. § 1915(e)(2)(B)(ii).

---

[1] The Port Authority can be sued. *See* N.Y. Unconsol. Laws § 7101; N.J. Stat. Ann. § 32:1-157.

## II.    Leave to Amend

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). In an abundance of caution, the Court grants Plaintiff leave to replead her claims.

If Plaintiff submits an amended complaint, she must provide facts supporting a claim for relief. Plaintiff must tell the Court: who violated her federally protected rights; what facts show that her federally protected rights were violated; when such violation occurred; where such violation occurred; and why she is entitled to relief. She must also name as defendants the individuals who violated her rights. If Plaintiff wishes to pursue § 1983 claims against the City of New York or the Port Authority, she must name them as defendants and allege how their policies, customs, or practices violated her federally protected rights.

Should Plaintiff choose to file an amended complaint, the Court strongly encourages her to ask for assistance from someone who can help her organize her thoughts and claims. If Plaintiff needs legal advice related to this matter, she may contact the New York Legal Assistance Group's Legal Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this Court. A copy of a flyer with details of the clinic is attached to this order.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The complaint is dismissed for failure to state a claim for relief. 28 U.SC. § 1915(e)(2)(B)(ii).

Plaintiff is granted sixty days' leave to file an amended complaint that addresses the

deficiencies discussed in this order. Plaintiff must submit the amended complaint to this Court's

Pro Se Intake Unit within sixty days of the date of this order, caption the document as an

"Amended Complaint," and label the document with docket number 19-CV-8251 (LLS). An

Amended Complaint form is attached to this order. If Plaintiff fails to file an amended complaint,

the Court will enter judgment in this case, and it will be closed.

SO ORDERED.

Dated:   March 23, 2020
         New York, New York

_Louis L. Stanton_
Louis L. Stanton
U.S.D.J.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____
(Include case number if one has been assigned)

## AMENDED

## COMPLAINT

Do you want a jury trial?
☐ Yes    ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.  BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐  **Federal Question**

☐  **Diversity of Citizenship**

### A.  If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.  If you checked Diversity of Citizenship

#### 1.  Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
                          (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
(Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

_____
First Name                          Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                          State                 Zip Code

Defendant 2:

_____
First Name                          Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                          State                 Zip Code

Defendant 3:

_____
First Name                          Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                          State                 Zip Code

Defendant 4: _____

First Name            Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City          State         Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

### FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____
_____
_____
_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____
_____
_____
_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.